# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

In Matter of the Application of the NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY to Appraise Lands, etc., Respondent, *v.* CAROLINE PIERCE, LAURA C. K. POMEROY and the BUFFALO TRANS-PORTATION AND WAREHOUSE COMPANY, Appel-lants.

## SAME *v.* SAME.

*Taking lands for railroad purposes — damages can be allowed only for real property taken — none can be allowed for an injury to, or for the cost of removing personal property.*

Appeal by Caroline Pierce and Laura C. K. Pomeroy, the owners of the fee, and the Buffalo Transportation and Warehouse Company, lessees, from the report and appraisal of commissioners appointed to appraise lands, and also from an order of the Special Term of Erie county, denying the motion of the owners of the fee and lessees to set aside the report.

The premises sought to be condemned by the petitioner consist of a strip of land in the city of Buffalo, 97.50 feet in width extending from the Erie canal westerly to Lake Erie about 1,000 feet, excepting therefrom 100 feet in width through the lot owned and occupied by the petitioner for its tracks. Improvements have been made upon a portion of the premises lying west of and adjoining the petitioner's land, consisting of docks and warehouses constructed upon piling. The Buffalo Transportation and Warehouse Company is assignee of a lease thereof for the term of ten years from May 1, 1884, with the right of renewal for five years, and also own the improvements upon the lot. The petitioner having instituted proceedings to condemn these premises for railroad purposes, com-missioners were appointed. They made a report appraising the

property at $81,120, dividing the same as follows: To the tenants for their leasehold interests $11,000; to the tenants for value of the improvements $17,670, and the further sum of $650 to pay for the removal of their personal property stored on the premises; to the owners of the fee $51,800. The commissioners' report, on motion, was confirmed at the Erie Special Term, and the appellants having moved to set aside the appraisal and report, the motion was denied. An appeal was taken by the owners and lessees from the order confirming the report, and from the appraisal and report of the commissioners.

The General Term, after holding that the report of the commissioners should be upheld, said: "The commissioners, however, erred in awarding to the tenant $650 compensation for the expense of removing the personal property on the premises, there being no proof that the removal now would cost more than at expiration of the term of the lease. The section of the Constitution authorizing the act, by virtue of which these proceedings are instituted, contemplates the taking of real property only. The petitioner cannot, by these proceedings, condemn personal property. The statute provides, that the commissioners shall ascertain and determine the compensation which ought justly to be made by the company to the owners or persons interested in the real estate appraised by them. They are not to consider the damage to personal property. Having awarded compensation for the value of the leasehold and for the improvements upon the land, the tenants are fully compensated. In proceedings under the statute of California, similar to ours, it was held that such damages were not allowable (*C. P. R. R. Co.* v. *Pearson*, 35 Cal., 263), and the same rule is laid down in the case of *Edmands* v. *Boston* (108 Mass., 537). The entire value of the real estate is all that can be awarded to the several owners. (Mills on Eminent Domain, § 65.) The commissioners having determined the compensation which ought justly to be paid to the claimants to be $81,120, they award of this sum $650 to the Buffalo Transportation and Warehouse Company, for the expense of moving the personal property on said premises. Their report in this respect is erroneous, and should be returned for correction were it not that the attorneys for the petitioner and tenant have left with the court a stipulation, consenting,

if the court should be of the opinion that the $650 were improperly taken from the gross amount awarded, the same may be remitted to the owners of the fee, Pierce and Pomeroy, and the award modified to that extent. As this correction of the report is in the interest of the owners of the fee, we see no objection to such amendment. Such correction being made, the order denying the contestants' motion to set aside the report, and the appraisal and report of the commissioners so corrected, and the order of the Special Term, should be affirmed, without costs."

*Norris Morey*, for the Buffalo Transportation and Warehouse Company, appellant.

*James Thomson, John G. Milburn* and *E. C. Henderson*, for Pierce and Pomeroy, appellants.

*Daniel H. McMillan*, for the petitioner, respondent.

Opinion by LEWIS, J.; BARKER, HAIGHT and BRADLEY, JJ., concurred.

The appraisal and report of the commissioners, modified by awarding to the owners of the fee the item of $650, awarded to the tenants for the expenses of the removal, and as so modified affirmed, without costs of this appeal to either party.

Order of Special Term denying motion to set aside appraisal and report affirmed, without costs.